IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| CLIFFORD RAY HACKETT, | ) | CIVIL NO. 19-00375 JAO-KJM |
|---|---|---|
| Plaintiff, | ) | ORDER DISMISSING ACTION |
| vs. | ) | |
| SAIPAN BPL, | ) | |
| Defendant. | ) | |

## ORDER DISMISSING ACTION

Plaintiff Clifford Ray Hackett ("Plaintiff") commenced this action on July 12, 2019. On August 7, 2019, the Court issued an Order (1) Dismissing Complaint and (2) Denying Application to Proceed in Forma Pauperis ("Order"). ECF No. 8. The Court dismissed the action because Plaintiff failed to state a claim upon which relief could be granted. *Id.* at 3. The Court granted Plaintiff leave to file an amended complaint by September 9, 2019. *Id.* at 4-5. The Court cautioned that failure to timely file an amended pleading that conforms with the Order would result in the automatic dismissal of the action. *Id.*

To date, Plaintiff has not filed an amended complaint and all Court mailings have been returned as undeliverable. Courts do not take failures to prosecute and failures to comply with Court orders lightly. Federal Rule of Civil Procedure ("FRCP") 41(b) authorizes the Court to sua sponte dismiss an action for failure "to

prosecute or to comply with [the federal] rules or a court order." Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). Unless the Court in its order for dismissal otherwise specifies, a dismissal under this rule operates as an adjudication upon the merits. Fed. R. Civ. P. 41(b).

To determine whether dismissal is appropriate, the Court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)). Although the Court recognizes that Plaintiff is proceeding pro se, he is not exempt from complying with all applicable rules. Local Rule 81.1(a) ("Pro se litigants shall abide by all local, federal, and other applicable rules and/or statutes.").

In view of Plaintiff's violation of the Court's Order, and failure to prosecute the Court finds that the *Pagtalunan* factors support dismissal of this action. The public's interest in expeditious resolution of this litigation strongly favors dismissal, *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)) ("The public's interest in expeditious resolution of litigation always favors dismissal.") (quotations omitted), as does the Court's need

to manage its docket. *Id.* (citing *Ferdik*, 963 F.2d at 1261). Moreover, there is no risk of prejudice to Defendant, as it has yet to be served. Finally, there are currently no less drastic alternatives available. This case cannot proceed without an operative pleading.

The Court concedes that the public policy favoring disposition of cases on their merits weighs against dismissal. However, considering the totality of the circumstances and because all of the preceding factors favor dismissal, this factor is outweighed.

Dismissal is also appropriate because Plaintiff has not provided a viable mailing address. A party whose physical mailing address changes while appearing in a pending case is required to file with the Court and serve upon all other parties a Notice of Change of Address within 14 days, specifying the effective date of the change. Local Rule 83.1(e)(1). Dismissal is authorized as a sanction for failure to comply with Local Rule 83.1(e) where, as here, documents directed to Plaintiff have been returned as undeliverable[1] and the Court has not received, within 30 days of the returns, any written communication from Plaintiff providing a current address for service.

---

[1] The Court received returned mail on August 12, 2019, August 29, 2019, September 3, 2019, and October 2, 2019. ECF Nos. 9, 11-13.

## CONCLUSION

In accordance with the foregoing, this action is HEREBY DISMISSED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, October 17, 2019.

Jill A. Otake
United States District Judge

CIVIL NO. 19-00375 JAO-KJM; *Hackett v. Saipan BPL*; ORDER DISMISSING ACTION